UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

JESS DIMAMBRO,

CASE NO.:

Plaintiff,

v.

SOUTHEAST CLEANING CONCEPTS, INC.
a Florida Profit Corporation and
JOHN LUPO, individually

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESS DIMAMBRO, ("DIMAMBRO" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, SOUTHEAST CLEANING CONCEPTS, INC. ("SE CLEANING") a Florida Profit Corporation, JOHN LUPO ("LUPO") individually ("collectively" "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Broward County, Florida.

5. At all times material hereto, SE CLEANING was and continues to be a Florida Profit Corporation. Further, at all times material hereto, SE CLEANING was and continues to be engaged in business in Florida, with its principal place of business in Broward County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, LUPO was and continues to be a resident of Broward County, Florida.

8. At all times material hereto, LUPO operated SE CLEANING.

9. At all times material hereto, LUPO regularly held and/or exercised the authority to hire and fire employees of SE CLEANING.

10. At all times material hereto, LUPO regularly held and/or exercised the authority to determine the work schedules for the employees of SE CLEANING.

11. At all times material hereto, LUPO regularly held and/or exercised the authority to control the finances and operations of SE CLEANING.

12. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of SE CLEANING; (b) determine the work schedules for the employees of SE CLEANING; and (c) control the finances and operations of SE CLEANING, LUPO is an employer as defined by 29 U.S.C. 201 *et. seq.*

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

14. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

15. Defendants were, and continue to be, "employers" within the meaning of FLSA.

16. At all times material hereto, SE CLEANING was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

17. Specifically, SE CLEANING had two (2) or more employees handling, selling, or otherwise working on goods that had been moved in or produced for commerce.

18. At all times material hereto, Defendants accepted and processed payments from their customers and others, which were drawn on out-of-state bank accounts.

19. At all times material hereto, SE CLEANING was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

20. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

21. At all times relevant hereto, Defendants had more than two employees.

22. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

23. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

24. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

25. On or about June 2014, Defendants hired Plaintiff to work as a non-exempt employee.

26. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

27. From at least June 2014 through December 2014 and again from December 2015 and continuing through July 2016, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

28. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

29. Defendants have violated Title 29 U.S.C. §§ 206 and 207 from October 2006 through July 2016, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

4

30. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

31. Plaintiff re-alleges and reavers paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

32. From October 2006 through July 2016, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

33. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

34. At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

35. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

36. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## DECLARATORY RELIEF

41. Plaintiff adopts all allegations in paragraphs 1 through 30.

42. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

43. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

44. Plaintiff may obtain declaratory relief.

45. Defendants employed Plaintiff.

46. Defendant SE CLEANING is an enterprise, subject to the coverage of the FLSA in 2013.

47. Defendant SE CLEANING is an enterprise, subject to the coverage of the FLSA in 2014.

48. Plaintiff was individually covered by the FLSA.

49. Defendants failed to pay Plaintiff for all hours worked.

50. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

51. Defendants failed to take affirmative steps to support a good faith defense.

52. Plaintiff is entitled to liquidated damages.

53. It is in the public interest to have these declarations of rights recorded.

54. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

55. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

56. It is in the interest of all current and former "cooks" employees to get a declaratory judgment.

57. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff the declaratory relief sought herein;

c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f. Awarding Plaintiff pre-judgment interest;

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: July 28, 2016

RESPECTFULLY SUBMITTED,

By: _____
Richard Celler, Esq.
Florida Bar No.: 0173370
E-Mail: richard@floridaovertimelawyer.com
**Noah E. Storch, Esq.**
Florida Bar No. 0085476
E-Mail: Noah@floridaovertimelawyer.com
**RICHARD CELLER LEGAL, P.A.**
7450 Griffin Rd., Ste 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*